UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Amazon Digital Services, LLC,<br><br>     Petitioner,<br><br> v.<br><br>Green Publishing, Ltd., Project Olympus, Ltd., and Jake Dryan,<br><br>     Respondents. | No. _____<br><br>AMAZON'S PETITION TO CONFIRM ARBITRATION AWARD |

  Petitioner Amazon Digital Services, LLC ("Amazon") submits this Petition to Confirm Arbitration Award against Respondents Green Publishing, Ltd., Project Olympus, Ltd., and Jake Dryan (collectively, "Respondents"), stating as follows:

## I.  PRELIMINARY STATEMENT

  1.  Amazon seeks an order from this Court pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, confirming the American Arbitration Association arbitration award issued and signed by Arbitrator Katherine Hendricks on January 11, 2018 (the "Award"), and entry of judgment thereon pursuant to 9 U.S.C. § 13.

## II.  THE PARTIES

  2.  Petitioner Amazon Digital Services, LLC is a Delaware limited liability corporation with its principal place of business in Seattle, Washington.

PETITION TO CONFIRM ARBITRATION AWARD - 1
4820-4586-1723v.2 0051461-001604

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

3. Respondent Green Publishing Limited ("Green Publishing") is a private limited company formed under the laws of the United Kingdom.

4. Respondent Project Olympus Limited ("Project Olympus") is a private limited company formed under the laws of the United Kingdom.

5. Jake Dryan is an individual residing in London, England. Mr. Dryan is the sole director and officer of Green Publishing. Mr. Dryan is also an officer and director of Project Olympus.

### III. JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because the amount in controversy exceeds the jurisdictional amount of $75,000.00 and this action arises between "citizens of a State and citizens or subjects of a foreign state . . . ."

7. Venue is proper under 28 U.S.C. § 1391(b)(2) and 9 U.S.C. § 9 because the Award giving rise to this Petition was issued in Seattle, Washington.

### IV. FACTS

8. On September 6, 2017, Amazon filed a demand for arbitration (the "Demand") with the American Arbitration Association, entitled *Amazon Digital Services, LLC v. Green Publishing Ltd. et al.*, Case No. 01-17-0005-3168.[1]

9. Katherine Hendricks, Esq. was duly appointed as the Arbitrator of this arbitration.[2]

10. The Demand alleged that Respondents manipulated and abused the Kindle Direct Publishing ("KDP") service for financial gain and to the detriment of other KDP authors. The Demand further alleged that Respondents created duplicate content in violation of Amazon's rules and policies and used bots and "clickfarms" to inflate their page reads.

11. Through the Demand, Amazon asserted claims against Respondents for: (1) breach of the Amazon Conditions of Use; (2) breach of the Kindle Direct Publishing Terms

---

[1] Declaration of Xiang Li in Support of Petition to Confirm Arbitration Award ("Li Decl.") Ex. A.
[2] *Id.* Ex. B.

PETITION TO CONFIRM ARBITRATION AWARD - 2
4820-4586-1723v.2 0051461-001604

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

and Conditions; (3) intentional interference with contractual relations; and (4) violation of the Washington Consumer Protection Act.

12. Amazon and Respondents entered into a confidential agreement to settle the claims asserted by Amazon in the Demand.

13. Amazon and Respondents also stipulated to the Award, which they jointly presented to Arbitrator Hendricks for review.

14. On January 11, 2018, Arbitrator Hendricks signed and issued the Award.[3]

15. The Award has not been vacated under 9 U.S.C. § 10 or modified or corrected under 9 U.S.C. § 11.

16. Pursuant to 9 U.S.C. § 9, Amazon brings this action within one year of the Award made on January 11, 2018.

## V.   COUNT ONE
### (Confirmation of Arbitration Award)

17. The FAA authorizes a party to an arbitration agreement to apply for an order confirming the arbitration award "any time within one year after the award."  9 U.S.C. § 9. "[T]he court *must* grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." *Id.* (emphasis added).

18. Respondents have not sought to vacate, modify, or challenge the Award. Therefore, the limited statutory grounds under FAA Sections 10 and 11 are not present here.

19. The Ninth Circuit has held that the Court should confirm the award without reexamining the factual and legal reasoning of the Arbitrator because "confirmation is required even in the face of 'erroneous findings of fact or misinterpretations of law' . . . [and even if] the Panel may have failed to understand or apply the law." *French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 784 F.2d 902, 906 (9th Cir. 1986) (citations omitted).

20. Amazon is entitled to confirmation of the Award, along with entry of judgment in conformity with the Award.[4]

---

[3] *Id.* Ex. C.
[4] A proposed order and judgment is submitted with this Petition.

PETITION TO CONFIRM ARBITRATION AWARD - 3
4820-4586-1723v.2 0051461-001604

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

## VI.   PRAYER

Amazon respectfully requests that this Court:

1. Issue an Order pursuant to 9 U.S.C. § 9 confirming the Award, attached as Exhibit D to the Li Declaration, issued by Arbitrator Katherine Hendricks on January 11, 2018;

2. Enter Judgment in favor of Amazon against Respondents;

3. Issue an Order enjoining Respondents, along with each of their directors, principals, officers, employees, representatives, successors, agents, and assigns, from:

    (a) Engaging, encouraging, or assisting in any practice involving the creation or publication of duplicate content in violation of Amazon's rules and policies;

    (b) Engaging, encouraging, or assisting in any practice involving the use of a bot, clickfarm, or other tools to artificially increase page views in violation of Amazon's rules and policies; and

    (c) Engaging, encouraging, or assisting in any practice that violates the Amazon Conditions of Use or Kindle Direct Publishing Terms and Conditions;

4. For such other and further relief as the Court deems proper.[5]

DATED this 3rd day of April, 2018.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Amazon Digital Services, LLC

By s/ *John A. Goldmark*
John A. Goldmark, WSBA #40980
Xiang Li, WSBA #52306
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
Tel:  206.757.8068; Fax:  206.757.7068
Email:  johngoldmark@dwt.com
Email:  xiangli@dwt.com

---

[5] If this Petition is unopposed, Amazon does not intend to request costs or fees.  If it is required to file a reply or argue the issue further, Amazon reserves its rights on these matters.

PETITION TO CONFIRM ARBITRATION AWARD - 4
4820-4586-1723v.2 0051461-001604

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax