HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON DIGITAL SERVICES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GREEN PUBLISHING, LTD., PROJECT OLYMPUS, LTD., and JAKE DRYAN,<br><br>Defendants. | CASE NO. C18-475 RAJ<br>ORDER |

This matter comes before the Court on Plaintiff Amazon Digital Services, LLC's ("Amazon") petition to confirm arbitration award. Dkt. # 1. Defendants, Green Publishing, Ltd.; Project Olympus, Ltd.; and Jake Dryan, did not file a Response to the

ORDER- 1

petition. For the reasons set forth below, the Court **GRANTS** Plaintiff's petition. Dkt. # 1.

## I. BACKGROUND

On September 6, 2017, Amazon filed a demand for arbitration (the "Demand") with the American Arbitration Association. Dkt. # 1 at ¶ 8. The Demand alleged that Defendants manipulated and abused the Kindle Direct Publishing ("KDP") service for financial gain and to the detriment of other KDP authors. The Demand further alleged that Defendants created duplicate content in violation of Amazon's rules and policies and used bots and "clickfarms" to inflate their page reads. *Id.* at ¶ 10. Amazon asserted claims against Defendants for breach of the Amazon Conditions of Use, breach of the Kindle Direct Publishing Terms and Conditions, intentional interference with contractual relations, and violation of the Washington Consumer Protection Act. *Id.* at ¶ 11. The parties then settled the claims asserted by Amazon and stipulated to an award. *Id.* at ¶¶ 12, 13. On January 11, 2018, Arbitrator Katherine Hendricks signed and issued the award. *Id.* at ¶ 14. Plaintiff now moves the Court to confirm this award. Dkt. # 1.

## II. DISCUSSION

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, states that "any time within one year after the award is made any party to the arbitration may apply to the court . . . for an order confirming the award." If an award is not vacated, modified, or corrected under § 10 or § 11, then the court must grant a motion confirming the arbitration award. 9 U.S.C. § 9. "[C]ourts may vacate an arbitrator's decision 'only in very unusual circumstances.'" *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564 (2013) (citations omitted). "It is only when [an] arbitrator strays from interpretation and application of the agreement and effectively 'dispense[s] his own brand of industrial justice' that his decision may be unenforceable." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010).

Defendants make no arguments that the arbitrator exceeded her powers in this case or that she strayed from interpretation and application of the parties' agreement. Amazon represents to the court that the award has not been vacated under 9 U.S.C. § 10 or § 11. Amazon brought this action on April 3, 2018, or well within one year after the award was issued. Dkt. # 1 at ¶ 14.

Having considered the petition, the submitted declaration and exhibits, and the relevant law the Court makes the following findings:

1. The arbitration award ("Award"), attached as Exhibit C to the Declaration of Xiang Li, was rendered against Respondents Green Publishing, Ltd.; Project Olympus, Ltd.; and Jake Dryan by the American Arbitration Association through the appointed arbitrator Katherine Hendricks, Esq. on January 11, 2018, Case No. 01-17-0005-3168.
2. The Award has not been modified, corrected, or vacated.
3. Respondents were served with the statutorily required notice of the Petition in accordance with 9 U.S.C. § 9.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

The Court enters judgment in favor of Amazon and against Defendants in accordance with the Award, as follows:

1. The Award is confirmed in its entirety;
2. Respondents, along with each of their directors, principals, officers, employees, representatives, successors, agents, and assigns are enjoined from:
    a. Engaging, encouraging, or assisting in any practice involving the creation or publication of duplicate content in violation of Amazon's rules and policies;
    b. Engaging, encouraging, or assisting in any practice involving the use of a bot, clickfarm, or other tools to artificially increase page views in violation of Amazon's rules and policies; and

  c. Engaging, encouraging, or assisting in any practice that violates the Amazon Conditions of Use or Kindle Direct Publishing Terms and Conditions.

For the foregoing reasons, the Court **GRANTS** Plaintiff's petition. Dkt. # 1.

Dated this 27th day of December, 2018.

_____
The Honorable Richard A. Jones
United States District Judge